```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PERFUME DISTRIBUTORS, INC.,

                              Plaintiff,              REPORT AND
         -against-                                    RECOMMENDATION

CAMROSE TRADING, INC.,                                18-CV-4305 (ADS)(SIL)
SCENTIMENTS.COM, LLC, and JOSE M.
NORONA also known as MIKE NORONA,

                              Defendants.
----------------------------------------------------------------x
```

**STEVEN I. LOCKE, United States Magistrate Judge:**

By way of Complaint filed July 30, 2018, Plaintiff Perfume Distributors, Inc. ("Plaintiff" or "Perfume Distributors") commenced this diversity action against Defendants Camrose Trading, Inc. ("Camrose"), Scentiments.com, LLC ("Scentiments," and together with Camrose, the "Corporate Defendants"), and Jose M. Norona also known as Mike Norona ("Norona," and collectively with the Corporate Defendants, "Defendants"), seeking damages for breach of contract and conversion with respect to goods that were paid for but never delivered. *See* Complaint ("Compl."), Docket Entry ("DE") [1].[1] Presently before the Court, on referral from the Honorable Arthur D. Spatt for Report and Recommendation, is Plaintiff's motion for default judgment. *See* DE [17]. For the reasons set forth below, the Court respectfully recommends that the motion be granted in part and denied in part.

---

[1] The Complaint adequately alleges that diversity jurisdiction exists because the dispute is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; Compl. ¶¶ 1-4, 21 (asserting that Plaintiff is a citizen of New York and Defendants are citizens of Florida, and that the amount of damages is over $600,000).

## I. Background

The following facts are taken from the Complaint and presumed true for the purpose of this motion.

Plaintiff and the Corporate Defendants are perfume merchants. *See* Compl. ¶ 8. In 2017, Defendants offered to sell Plaintiff perfume products, and the parties successfully negotiated agreements for the purchase of various goods. *See id.* ¶¶ 9-11. The parties' arrangement dictated that Perfume Distributors would pay for orders before Defendants shipped them. *See id.* ¶ 13. Thereafter, in a series of wire transfers, Plaintiff paid Defendants $1,944,640.25 for the items it agreed to purchase. *See id.* ¶ 14. Defendants, however, only shipped Perfume Distributors $1,332,109.33 worth of goods. *See id.* ¶ 15. Accordingly, Defendants failed to deliver $612,530.92 of merchandise that was paid for. *See id.* ¶ 16; *see also* Compl., Ex. A (the "Ledger").

Based on the foregoing, Plaintiff commenced this action against Defendants on July 30, 2018. *See* DE [1]. The Complaint asserts claims for breach of contract and conversion, and seeks to hold Norona personally liable for the Corporate Defendants' actions because he allegedly owns, controls, and dominates Camrose. *See* Compl. ¶¶ 21, 23-24, 26. Perfume Distributors served its Summons and Complaint on Norona on August 27, 2018 and the Corporate Defendants on September 24, 2018. *See* DEs [6] – [8]. On February 5, 2019, after no activity on the case had occurred since the filing of the affidavits of service of process, Judge Spatt directed Plaintiff to inform the Court on or before February 15, 2019 why the case should not be dismissed for failure to prosecute. *See* DE [9] (the "Dismissal Notice"). At Perfume Distributors'

2

request, the Clerk of the Court then noted Defendants' default on February 14, 2019 in light of their failure to answer or otherwise appear. *See* DEs [11] – [14]. That same day, Plaintiff responded to the Dismissal Notice, stating its intention to seek a default judgment. *See* DE [15]. Perfume Distributors then filed the instant motion on March 19, 2019, which Judge Spatt subsequently referred to this Court for Report and Recommendation. *See* DEs [16] – [18].

## II.   Default Judgment Standard

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure, which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *See* Fed. R. Civ. P. 55(b). When a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied"). However, "[it] is well established that a party is not entitled to default judgment as a matter of right; rather the entry of a default judgment is entrusted to the sound discretion of the court." *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) (internal quotation and citation omitted).

A plaintiff seeking a default judgment must demonstrate that his "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In determining whether to grant a motion for default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Ferrara v. Tire Shop Ctr.*, No. 14-cv-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015) (internal quotations and citation omitted). Accordingly, "prior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (internal brackets, quotation, and citation omitted); *see also Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-cv-4895, 2018 WL 3742696, at *4 (E.D.N.Y. May 18, 2018) ("a party in default does not admit conclusions of law") (internal quotation and citation omitted).

### III.   Discussion

Applying the above standards, and for the reasons stated below, the Court respectfully recommends that Plaintiff be awarded a default judgment against the Corporate Defendants for breach of contract but not for conversion, and that the motion be denied in its entirety as against Norona.

### A. <u>Liability</u>

#### i. <u>Choice of Law</u>

As an initial matter, the Court must determine what law should be applied to Plaintiff's claims. In a diversity action, the Court applies the choice of law rules of the forum state. *See Giannotti v. Am. Legend Aircraft Co.*, No.15-cv-4769, 2016 WL 5376253, at *3, n.1 (E.D.N.Y. July 26, 2016) (citing *Banker v. Nighswander, Martin & Mitchell*, 37 F.3d 866, 871 (2d Cir. 1994)), *report and recommendation adopted*, 2016 WL 5374101 (E.D.N.Y. Sept. 26, 2016). New York law provides that parties may consent to the law of a particular jurisdiction through their conduct, absent "strong countervailing public policy." *See Walter E. Heller & Co. v. Video Innovations, Inc.*, 730 F.2d 50, 52 (2d Cir. 1984) (citations omitted); *Chung v. Sano*, No. 10-cv-2301, 2011 WL 1303292, at *7 (E.D.N.Y. Feb. 25, 2011) ("When neither party raises the issue of choice of law, it can be said that they have consented to the application of the forum state's law.") (internal quotation and citation omitted), *report and recommendation adopted*, 2011 WL 1298891 (E.D.N.Y. Mar. 31, 2011). Here, Defendant has defaulted, and Plaintiff cites no law substantive law in its motion. Further, the Complaint contains no facts indicating where the alleged conduct occurred. Accordingly, the Court will assess Perfume Distributors's claims under New York law. *See Comer v. Titan Tool, Inc.*, 888 F. Supp. 605 (S.D.N.Y. 1995) ("a federal court sitting in a diversity action ... applies the substantive law of the state in which it sits") (citing *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S. Ct. 817 (1938)).

      ii.      <u>Corporate Liability</u>

           a.      *Breach of Contract*

The Court first concludes that the Complaint establishes liability for breach of contract. The elements of a breach of contract claim in New York are: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Martino v. MarineMax Ne., LLC*, No. 17-cv-4708, 2018 WL 6199557, at *3 (E.D.N.Y. Nov. 28, 2018) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996)). Perfume Distributors sufficiently pleads these four elements.

Initially, Plaintiff alleges that it entered into agreements to purchase perfume products from Defendants. *See* Compl. ¶ 11. In addition, Perfume Distributors claims it wired $1,944,640.25 to Defendants to pay for the goods, representing performance on its part. *See id.* ¶ 14. Finally, Plaintiff contends that Defendants breached the contracts by only delivering merchandise valued at $1,332,109.33, damaging Perfume Distributors in the amount of $612,530.92. *See id.* ¶¶ 15-16. Accordingly, the Court respectfully recommends that the Corporate Defendants be found liable for breach of contract.

           b.      *Conversion*

Turning to Plaintiff's cause of action for conversion, the Court respectfully recommends that liability has not been established both because the Complaint fails to plead the requisite elements, and because this claim is duplicative of the breach of contract cause of action. "In New York, conversion is 'the unauthorized assumption

and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights.'" *AD Rendon Commc'ns, Inc. v. Lumina Americas, Inc.*, No. 04-cv-8832, 2007 WL 2962591, at *4 (S.D.N.Y. Oct. 10, 2007) (quoting *Thyroff v. Nationwide Mut. Ins. Co.,* 460 F.3d 400, 403-04 (2d Cir.2006)). "For an action in conversion to lie when the original possession of the property is lawful, a plaintiff must make a demand for the allegedly converted property and the possessor must refuse." *Id.* (internal citation omitted); *see also Allen v. Cox*, No. 10-cv-7118, 2011 WL 2436705, at *4 (S.D.N.Y. June 16, 2011) ("to sustain a claim of conversion where the original possession is lawful, plaintiff must make a demand for the specified property").

Moreover, "even if a plaintiff meets all of the elements of a conversion claim, the claim will still be dismissed if it is duplicative of a breach of contract claim." *AD Rendon Commc'ns, Inc.*, 2007 WL 2962591, at *4 (internal citations omitted); *see also LaRoss Partners, LLC v. Contact 911 Inc.*, 874 F. Supp. 2d 147, 164 (E.D.N.Y. 2012) ("a conversion claim may only proceed if there are allegations of violations and damages distinct from those predicated on a breach of contract.") (internal citations omitted). "Thus, a tort cause of action that is based upon the same facts underlying a contract claim will be dismissed …." *AD Rendon Commc'ns, Inc.*, 2007 WL 2962591, at *4 (internal quotation omitted) (collecting cases). In addition, "a conversion claim will be deemed redundant when damages are merely being sought for breach of contract." *Id.* (internal quotation and citations omitted).

7

Here, the conversion cause of action is deficient both because the Complaint fails to state that claim as a matter of law and because it is duplicative of Perfume Distributors's breach of contract cause of action. With respect to the substance of the claim, the Complaint implies that Defendants initially lawfully possessed the perfume products it agreed to sell as well as the money that Plaintiff then wired to them in exchange for the merchandise. *See* Comp. ¶ 14. Perfume Distributors does not, however, allege that it ever took ownership of the undelivered goods or demanded that the funds be returned. *See generally id*. Accordingly, the conversion claim fails as a matter of law. *See Allen*, 2011 WL 2436705, at *4 ("to sustain a claim of conversion where the original possession is lawful, plaintiff must make a demand for the specified property"). Moreover, the cause of action fails due to its redundancy because the Complaint merely contains one paragraph alleging that Defendants "converted' the same funds that Plaintiff seeks reimbursement for in its breach of contract claim, without alleging any additional facts. *See* Compl. ¶ 26. Accordingly, the Court respectfully recommends that Defendants' conversion claim be dismissed.

    i.   <u>Individual Liability</u>

Turning to Norona, the Court respectfully recommends that a default judgment be denied against him because the Complaint fails to establish that the corporate veil should be pierced.

Ordinarily, a "corporation exists independently of its owners, as a separate legal entity." *KCG Americas LLC v. Brazilmed, LLC*, No. 15-cv-4600, 2016 WL 900396, at *4 (S.D.N.Y. Feb. 26, 2016). Under certain circumstances, however, courts

8

will "pierce the corporate veil" to impose liability for corporate obligations on the entity's owner." *Id.*; *Rochester Gas & Elec. Corp. v. GPU, Inc.*, 355 F. App'x 547, 550 (2d Cir. 2009) (noting that courts will pierce the corporate veil "to prevent fraud or achieve equity") (internal quotation and citation omitted). "Those seeking to pierce the corporate veil 'bear a heavy burden' of showing that veil piercing is warranted." *Lakah v. UBS AG*, 996 F. Supp. 2d 250, 260 (S.D.N.Y. 2014) (quoting *TNS Holdings, Inc. v. MKI Sec. Corp.*, 92 N.Y.2d 335, 339, 680 N.Y.S.2d 891 (1998)).

"Under New York law[,] … when a corporation is used by an individual to accomplish his own and not the corporation's business, such a controlling shareholder may be held liable for the corporation's commercial dealings …." *Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 933 F.2d 131, 138 (2d Cir. 1991) (citing *Walkovszky v. Carlton,* 18 N.Y.2d 414, 417, 276 N.Y.S.2d 585 (1966)). In this regard, "[t]he critical question is whether the corporation is a 'shell' being used by the individual shareowners to advance their own 'purely personal rather than corporate ends.'" *Id.* (quoting *Port Chester Elec. Constr. Corp. v. Atlas,* 40 N.Y.2d 652, 656–57, 389 N.Y.S.2d 327 (1976) (quoting *Walkovszky,* 18 N.Y.2d at 418, 276 N.Y.S.2d 585). Moreover, "control … by the … corporation by its stockholders … must be used to commit a fraud or other wrong that causes plaintiff's loss." *Id.* (collecting cases); *see also Wausau Bus. Ins. Co. v. Turner Const. Co.*, 141 F. Supp. 2d 412, 417 (S.D.N.Y. 2001) ("New York law allows courts to pierce the corporate veil either where a fraud has been committed, or where the corporation has been so dominated by an individual

9

… that the [entity] is relegated to the status of a mere shell, instrumentality, or alter ego.") (collecting cases).

Here, Plaintiff fails to plead any facts substantiating its request to pierce the corporate veil and hold Norona personally liable. Instead, the Complaint contains a single conclusory allegation that "Camrose … was and is owned, controlled, and dominated by … Norona such that Camrose was and is … [his] alter-ego." *See* Compl. ¶ 23. Thus, Perfume Distributors has not demonstrated either that Camrose was being used to advance Norona's purely personal ends, or that he committed any fraud under the guise of corporate independence. Accordingly, the Court respectfully recommends denying the motion for default judgment as against Norona without prejudice, and with leave to renew upon curing the deficiencies outlined above.

### B. <u>Damages</u>

Once liability is established, the court must ascertain damages with "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). To prove damages, the movant need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup*, 973 F.2d at 159. Notwithstanding, "a court may not-rubber stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Lent v. CCNH, Inc.*, No. 13-cv-942, 2015 WL 3463433, at *10 (N.D.N.Y. June 1, 2015). An evidentiary hearing is not required so long as there is a basis, demonstrated through detailed affidavits and other documentary evidence, for the damages awarded. *See*

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997); *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991).

Here, Plaintiff has established its entitlement to $612,930.92 in damages and costs. The Complaint alleges that Perfume Distributors paid $1,944.640 for merchandise, but only received goods valued at $1,332,109.33, reflecting a deficiency of $612,530.92. *See* Compl. ¶¶ 14-16. This calculation is substantiated with a Ledger, detailing the wire transfers and receipt of products. *See id.*, Ex. A. In addition, Plaintiff is entitled to $400 in costs for the filing fee in this action.[2] *See* Statement of Amount Due and Affirmation in Support of Request for Judgment by Default for Sum Certain, DE [17-2], ¶ 4; Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party"). Accordingly, the Court respectfully recommends awarding Plaintiff $612,930.92 in damages and costs against the Corporate Defendants.

## IV. Conclusion

For the reasons set forth above, the Court respectfully recommends that Plaintiff's motion for default judgment be granted in part and denied in part. Specifically, the Court recommends entering a default judgment against the Corporate Defendants for $612,930.92 in connection with Perfume Distributors's breach of contract claim but dismissing the conversion cause of action against them,

---

[2] Plaintiff does not seek reimbursement for costs associated with service of process.

and denying the motion in its entirety as against Norona without prejudice and with leave to renew upon curing the deficiencies addressed above.

## V. Objections

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below.  Plaintiff is directed to serve a copy of this Report and Recommendation on Defendants and promptly file proof of service by ECF.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a); *Ferrer v. Woliver*, 05-cv-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
        January 29, 2020         /s/ Steven I. Locke
                                            STEVEN I. LOCKE
                                            United States Magistrate Judge