**FILED
CLERK**

6:01 pm, Mar 17, 2020

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
PERFUME DISTRIBUTORS, INC.,

                     Plaintiff,

        -against-

CAMROSE TRADING, INC.,
SCENTIMENTS.COM, LLC,
JOSE M. NORONA A/K/A MIKE NORONA,

                     Defendants.
---------------------------------------------------------X

**ADOPTION ORDER**
2:18-cv-04305 (ADS) (SIL)

**SPATT, District Judge.**

On July 30, 2018, the Plaintiff filed the instant action against the Defendants for breach of contract.

On February 14, 2019, the Clerk of the Court issued a Certificate of Default against the Defendants, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

On March 19, 2019, the Plaintiff moved for a default judgment against the Defendants.

On March 22, 2019, the Court referred the matter to United States Magistrate Judge Steven I. Locke for a recommendation as to whether the motion for default judgment should be granted, and if so, what relief, if any, should be awarded.

On January 29, 2020, Judge Locke a Report and Recommendation ("R&R") recommending as follows:

> The Court respectfully recommends that Plaintiff's motion for default judgment be granted in part and denied in part. Specifically, the Court recommends entering a default judgment against the Corporate Defendants for $612,930.92 in connection with Perfume Distributors's breach of contract claim but dismissing the conversion cause of action against them, and denying the motion in its entirety as against Norona without prejudice and with leave to renew upon curing the deficiencies addressed above.

R&R at 11-12.

On February 12, 2020, the Plaintiff filed an objection explaining that it concurred with all of the R&R except for its omission of pre-judgment interest from its recommendation as to damages.

On March 2, 2020, the Plaintiff filed proof of service of the R&R on the Defendants. It has been more than 14 days since the service of the R&R and no other objections have been filed.

As such, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the Court has reviewed the un-objected to portions of the R&R for clear error, and finding none, now concurs in both its reasoning and its result. *See Coburn v. P.N. Fin.*, No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error). The Court reviews the R&R's omission of pre-judgment interest *de novo*. *See* 28 U.S.C. § 636(b)(1)(C); *see* FED. R. CIV. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

As for the Plaintiff's objection, the Court concurs that the Plaintiff is entitled to pre-judgment interest. "Under New York law, prejudgment interest is normally recoverable as a matter of right in an action at law for breach of contract." *Graham v. James*, 144 F.3d 229, 239 (2d Cir. 1998); *see also* N.Y. C.P.L.R. § 5001(a) ("Interest shall be recovered upon a sum awarded because of a breach of performance of a contract."). Moreover, "[i]nterest shall be computed from the earliest ascertainable date the cause of action existed," N.Y. C.P.L.R. 5001(b), "at the rate of nine per centum per annum," *id.* § 5004. Because the Plaintiff brings this diversity action under New York law, its damages award must include interest at that rate beginning on December 8, 2017, the date of the first alleged breach in the Complaint. ECF 1 ¶ 19.

Therefore, the Court adopts the R&R in part and sustains the Plaintiff's objection in its entirety. The Court grants the Plaintiff's motion for default judgment in part and denies the motion in part. The Plaintiff is awarded $612,930.92, plus pre-judgment interest at 9% per annum beginning on December 8, 2017, in damages in connection with its breach of contract claim against the Corporate Defendants. The Court dismisses the conversion cause of action against the Corporate Defendants. The Court denies the motion for default judgment in its entirety as against Norona without prejudice and with leave to renew upon curing the deficiencies identified in the R&R.

**SO ORDERED.**
Dated: Central Islip, New York
March 17, 2020

                                                ___*/s/ Arthur D. Spatt*_____
                                                  ARTHUR D. SPATT
                                              United States District Judge